```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
                                                             :
   LAMBERT FRITZ,                                            :
                                      Plaintiff,             :     21 Civ. 4727 (LGS)
                                                             :
                   -against-                                 :     ORDER
                                                             :
   MANHATTAN BEER DISTRIBUTORS LLC,                          :
                                      Defendant.             :
                                                             :
-------------------------------------------------------------X
```

LORNA G. SCHOFIELD, District Judge:

WHEREAS, by the order at Dkt. No. 21, the parties were ordered to file the parties' settlement agreement (the "Settlement Agreement") and the *Cheeks* letter by February 8, 2022.

WHEREAS, on February 8, 2022, the parties filed two letters seeking the Court's advice on whether the Settlement Agreement including three provisions would be considered "fair and reasonable" under *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 206 (2d Cir. 2015), *cert denied.*, 136 S. Ct. 824 (2016), and *Wolinsky v. Scholastic, Inc.*, 900 F. Supp. 2d 332, 335-36 (S.D.N.Y. 2012).

WHEREAS, as the Court does not make advisory rulings, the parties' request at Docket Nos. 22 and 23 is construed as a request for approval of the Settlement Agreement and Release as submitted. The Court does not find any provision, including the three identified portions, a basis to reject the settlement.

WHEREAS, the following provision at Paragraph (3) is at issue:

This Agreement ~~may not be cited as, and it~~ does not constitute~~,~~ any admission of fact or law by any Manhattan Beer Releasee with respect to any breach or violation of any law or legal obligation with respect to any aspect of Fritz's employment relating to the payment of wages or benefits<ins>, and Fritz may not assert that it does</ins>.  <ins>The parties to t</ins>~~T~~his Agreement shall not ~~be~~ use~~d~~ <ins>it</ins> as evidence of any kind in any action, investigation or proceeding, whether judicial, administrative or otherwise, except as necessary for the enforcement and/or implementation of the terms of this Agreement, or as proof of this Agreement.

WHEREAS, although the provision as drafted is not a basis to deny approval, the Court would prefer the provision as edited above.  It reflects the legal principle that an agreement, by definition, is contractual and cannot bind non-parties regardless of what it purports to do.  To avoid needless disputes or confusion by non-parties, the provision is better drafted to reflect that principle.  It is hereby

**ORDERED** that if the parties wish to withdraw their request for approval of the settlement, they shall do so within one week of this Order.

Dated: February 10, 2022
       New York, New York

                                              _____
                                                    **LORNA G. SCHOFIELD**
                                              **UNITED STATES DISTRICT JUDGE**