## SETTLEMENT AGREEMENT AND RELEASE

This SETTLEMENT AGREEMENT AND RELEASE (the "Agreement") is made by and between Lambert Fritz, also known as Fritz Lambert, (Lambert Fritz and/or Fritz Lambert hereinafter individually and/or collectively referred to in this Agreement as "Fritz") and Manhattan Beer Distributors LLC ("Manhattan Beer").

WHEREAS, Fritz was employed by Manhattan Beer, and identified in Manhattan Beer's documents as Fritz Lambert, from April 27, 2015 until on or around May 22, 2020;

WHEREAS, on or about May 26, 2021, Fritz commenced a civil action in the United States District Court for the Southern District of New York by filing a Complaint against Manhattan Beer, bearing the caption *Lambert Fritz v. Manhattan Beer Distributors LLC*, (the "Action"), asserting claims under the Fair Labor Standards Act ("FLSA"), as amended, 29 U.S.C. §§ 201 *et seq.*, and New York Labor Law ("NYLL").

WHEREAS, Manhattan Beer has denied that it is liable to Fritz in any way; and

WHEREAS, having consulted with counsel, the parties have independently concluded it is in their respective best interests to settle and resolve amicably and expeditiously the Action and any wage and hour claims that could have been asserted therein; and

WHEREAS, based upon their analysis of a number of factors, including the costs and risks associated with further litigation, Fritz and Manhattan Beer are satisfied that the terms and conditions of this Agreement are fair, reasonable, and adequate;

NOW, THEREFORE, in consideration of the foregoing premises and the mutual covenants and promises set forth below as well as the good and valuable consideration provided for herein, and with the intention to be legally bound thereby, the parties knowingly and voluntarily agree as follows:

1.  Subject to the occurrence of all of the events listed in this Paragraph 1, Manhattan Beer agrees to pay the total gross amount of Forty-Two Thousand and Five Hundred Dollars and Zero Cents ($42,500.00) to be distributed as follows:

    (i) The gross amount of Fourteen Thousand, Nine Dollars and Zero Cents ($14,009.00), which shall be attributed to back wages allegedly owed to Fritz by Manhattan Beer, which amount shall be paid less all applicable withholdings and deductions, including but not limited to, federal, state, and local income taxes and all required payroll and other taxes, in a check payable to "Fritz Lambert," which will be reported on an IRS Form W-2;

    (ii) The gross amount of Fourteen Thousand, Ten Dollars and Zero Cents ($14,010.00), which shall be attributed to alleged statutory liquidated damages, in a check payable to "Fritz Lambert," which will be reported on an IRS Form 1099-MISC (Box 3); and

    (iii) The amount of Fourteen Thousand, Four Hundred, Eighty-One Dollars and Zero Cents ($14,481.00), which shall be attributed to Fritz's claimed attorneys' fees and costs ($14,090 representing a 1/3 contingency attorneys'

fees and $472 in costs), which amount shall be paid to "Abdul Hassan Law Group, PLLC," 215-28 Hillside Avenue, Queens Village, NY 11427 ("Abdul Hassan Law Group") for which Manhattan Beer will provide to Abdul Hassan Law Group and Fritz IRS Form 1099-MISC (Box 10) in said amount.

The payments set forth in this Paragraph 1 are referred to collectively herein as the "Settlement Payment." The Settlement Payment shall be made within fifteen (15) business days after the last to occur of the following:

      a.    Fritz executes this Agreement and provides same to counsel for Manhattan Beer, Allen B. Roberts, Esq., Epstein Becker & Green, P.C., 875 Third Avenue, New York, NY 10022 ("Counsel for Manhattan Beer"), along with a completed IRS Form W-4 for Fritz and a completed IRS Form W-9 Abdul Hassan Law Group; and

      b.    Abdul Hassan Law Group executes the Stipulation of Dismissal with Prejudice attached hereto as Exhibit 1 to effect the dismissal with prejudice of the Action (the "Stipulation"), the Stipulation is received by Counsel for Manhattan Beer, and the Agreement is approved by the Court in which the Action is pending. The Stipulation will be held and filed with the Court two weeks after the Settlement Payment is received by Abdul Hassan Law Group and provided that within those two weeks, Counsel for Manhattan Beer is not notified of problems cashing or clearing such checks.

    2.    In return for Manhattan Beer's agreement to provide to Fritz the Settlement Payment set forth in Paragraph 1 of this Agreement, Fritz hereby unconditionally releases, discharges, and covenants not to sue or make any claims against Manhattan Beer, and each of its current and former owners, predecessors, successors, directors, officers, current and former supervisory employees, parents, subsidiaries, assigns, employees, representatives, attorneys, and administrators of each of them (collectively, the "Manhattan Beer Releasees") from any and all Federal and New York State wage and hour claims and claims, complaints, causes of action, lawsuits, fees, judgments, benefits, debits, controversies, damages, and/or demands of any kind, nature, and character which concern violations or allegations of unpaid compensation (including minimum wage and overtime), the failure to provide annual wage notices and/or accurate wage statements, late payment, interest, liquidated damages, attorney' fees and costs, civil penalties, and/or statutory penalties (with the exception of retaliation claims) under the Fair Labor Standards Act, the New York Labor Law, and/or any other law, regulation, or ordinance regulating the payment of wages. Fritz agrees, to the extent permitted by law or applicable regulatory agency, not to accept and to waive any relief or recovery from any charge, complaint, investigation, action or proceeding based on claims released in this Agreement, whether filed by Fritz or on behalf of Fritz or otherwise. This Agreement is not intended to and does not affect any claims that may arise after the date of this Agreement is executed by Fritz.

    3.    This Agreement does not constitute any admission of fact or law by any of the Parties with respect to any breach or violation of any law or legal obligation with respect to any aspect of Fritz's employment relating to the payment of wages. Fritz acknowledges and agrees that the Settlement Payment set forth in Paragraph 1 of this Agreement is sufficient consideration for the release being given by Fritz in Paragraph 2 of this Agreement. Fritz understands and agrees that he would not receive the monies specified in Paragraph 1 of this Agreement except for Fritz's execution of this Agreement.

Firm:553568724

Doc ID: 74020716cfd83b14472cef201e535ff41b254f9c

4. a. Fritz further acknowledges and agrees that: (i) this settlement will result in taxable income to him under applicable federal, state, and local tax laws; (ii) Manhattan Beer is providing no tax, accounting, or legal advice to him, and makes no representations regarding any tax obligations or tax consequences on Fritz's part relating to or arising from this Agreement; (iii) he shall be solely responsible for all taxes, including, without limitation, all federal, state, and local taxes, and all tax liens or claims against him that may arise from this Agreement; and (iv) he has been advised that Manhattan Beer must comply with its obligations to make reports of such taxable income to the appropriate federal, state, and local tax authorities, and issue Forms W-2 and 1099 as appropriate.

b. Fritz agrees that he has not relied on any advice from Manhattan Beer or Manhattan Beer's Counsel concerning the tax consequences of the payments made pursuant to this Agreement, but rather is relying on his own judgment and advice of his own counsel in this matter. Fritz acknowledges that Manhattan Beer must report to the Internal Revenue Service (as well as state and local taxing authorities where applicable) all payments made pursuant to this Agreement, and that all such payments will be reported as considered appropriate by Manhattan Beer consistent with the terms of this Agreement. Fritz hereby warrants that Manhattan Beer shall bear no responsibility for any tax liabilities in connection with this Agreement, except for the employer's tax contributions (such as FICA) for which Manhattan Beer may be liable. Fritz further agrees to indemnify and hold Manhattan Beer harmless to the full extent of any such liabilities, payments, or costs, including taxes, interest, and penalties (except such liabilities, payments, or costs relating to the putative employers' payroll tax contributions) which may be assessed against or incurred by Manhattan Beer in connection with any payment made to or on behalf of Fritz hereunder that Fritz would otherwise be responsible for. Fritz agrees that should any tax liability arise or accrue under local, state, or federal tax law as a result of any payments made pursuant to this Agreement, Fritz will pay any and all such obligations without seeking indemnity, reimbursement, contribution, or any additional payment from Manhattan Beer.

5. It is Manhattan Beer's position that it has entered into this Agreement solely for the purpose of resolving any existing claims and disputes with Fritz. The making of this Agreement is not intended, and shall not be construed, as an admission that any of the Manhattan Beer Releasees has violated any federal, state, or local law, ordinance, public policy, rule, regulation, executive order or common law, or has committed any wrong whatsoever against Fritz.

Except as otherwise provided in this Agreement, any notice, request, authorization, or other communication hereunder shall be in writing and shall be deemed to have been duly given if sent by FedEx or other overnight delivery service, addressed to the respective address of each party set forth below, or to such other address as each party may designate by notice.

If to Manhattan Beer:

Mark Johnson
CFO
Manhattan Beer Distributors LLC
955 East 149th Street
Bronx, New York 10455

If to Fritz:

Abdul K. Hassan
Abdul Hassan Law Group, PLLC
215-28 Hillside Avenue
Queens Village, NY 11427

      6.    This Agreement constitutes the entire agreement between the parties with respect to its subject matter, and supersedes all prior and contemporaneous agreements and understandings, both written and oral, between the parties with respect to its subject matter. Fritz acknowledges that neither Manhattan Beer nor anyone on its behalf has made any promises, commitments, or representations to Fritz or to anyone acting on his behalf, other than those contained herein, and that Fritz has not relied upon any statement or representation made by Manhattan Beer with respect to the basis or effect of this Agreement or otherwise. This Agreement may not be changed orally, and no modification, amendment, or waiver of any of the provisions contained in this Agreement, nor any future representation, promise, or condition in connection with the subject matter hereof, shall be binding upon a party unless made in writing and signed by an authorized representative of such party.

      7.    This Agreement does not prevent Fritz or any of the Manhattan Beer Releasees from commencing an action or proceeding to enforce this Agreement. The parties In the event of a breach of this Agreement, the parties will be entitled to any and all remedies available at law..

      8.    This Agreement shall be governed by and construed in accordance with the laws of the State of New York without regard to principles of conflicts of laws. The Court shall retain jurisdiction to resolve any disputes arising out of the Agreement in this action.  .

      9.    Except as to the release and payment provisions herein, if, at any time after the date of execution of this Agreement, any provision of this Agreement shall be held by a court of competent jurisdiction to be illegal, void, or unenforceable, such provision shall be of no force and effect. . Should any provision of this Agreement require interpretation or construction, it is agreed by the parties that the entity interpreting or construing this Agreement shall not apply a presumption against one party by reason of the rule of construction that a document is to be construed more strictly against the party who prepared the document.

      10.    Fritz acknowledges and agrees that he has been given sufficient time within which to consider this Agreement and that he has consulted his attorney(s) prior to executing this Agreement. Fritz represents and warrants that he has signed this Agreement knowingly, voluntarily, and after consulting with his attorney(s) and with the specific intention to return this executed Agreement, for reasons of his own choosing and for his own benefit.

      11.    This Agreement may be executed in more than one counterpart, each of which shall be deemed an original, but all of which shall constitute one and the same instrument. Electronic copies and photocopies shall be treated as originals.

**WHEREFORE,** the parties hereto have caused this Agreement to be signed as of the day and date first written above.

                                         **Lambert Fritz, also known as Fritz Lambert**

Date: _____     _____ 02 / 15 / 2022
                                         Lambert Fritz, also known as Fritz Lambert

                                         **Manhattan Beer Distributors LLC**

Date: February 17, 2022     By: _____
                                         William S. Bessette
                                         Chief Strategy Oficer

Firm:553568724

Doc ID: 74020716cfd83b14472cef201e535ff41b254f9c